# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court GRANTS Plaintiff's motion to remand**

Before the Court is Plaintiff Andrew Baracco's ("Plaintiff") motion to remand. *See* Dkt. # 24 ("*Mot.*"). Defendant Brooks Brothers Group, Inc. opposes the motion, *see* Dkt. # 25 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion to remand.

I.     Background

On August 14, 2018, Plaintiff filed this suit in the Los Angeles Superior Court, asserting a single cause of action against Defendant for violation of California's Unruh Civil Rights Act ("Unruh Act"). *See Complaint*, Dkt. # 1-1 ("*Compl.*"). Plaintiff, who is legally blind, alleges that he was, and continues to be, injured because Defendant's website is "not fully accessible to screen-reading technology used by blind individuals." *Id.* ¶ 3. He "seeks to put an end to the systemic civil rights violations committed by Defendant against Plaintiff." *Id.* ¶ 1. Plaintiff seeks injunctive relief, limiting its cost to $15,000, statutory damages limited to $34,999, attorneys' fees, pre-judgment interest, and costs. *Id.*, Prayer for Relief.

On October 26, 2018, Defendant removed the case to this Court, invoking diversity jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). Defendant stated, and Plaintiff does not dispute, that there is complete diversity, because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New York. *See id.* ¶¶ 11–18. Further, Defendant alleged that the amount in controversy exceeded $75,000 because (1) Plaintiff seeks $34,999 in statutory damages; (2) Defendant anticipates that the cost of complying with any potential injunctive relief would be far greater than Plaintiff's artificial limitation of $15,000; and (3) Plaintiff's attorneys'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

fees are recoverable as a matter of right for the prevailing party under the Unruh Act. *Id.* ¶¶ 19–33.

Plaintiff now moves to remand the case to state court. *See generally Mot.*

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case must be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III. Discussion

The parties do not dispute diversity of citizenship. Accordingly, this motion turns on whether the requisite amount in controversy exists. Plaintiff asserts that Defendant has failed to meet its burden of proving by a preponderance of evidence that the amount in controversy meets the jurisdictional threshold. *See generally Mot.* Defendant counters that the amount of controversy, which includes statutory damages, the cost of complying with any potential injunctive relief in the form of an overhaul and ongoing maintenance of its website, attorneys' fees, and pre-judgment interest, exceeds $75,000. *See generally Opp.*

A.  Amount in Controversy

A defendant must submit a "short and plain statement of the grounds for removal" with the notice of removal. 28 U.S.C. § 1446(a). When a defendant removes a case asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B).

### i. Statutory Damages

In his complaint, Plaintiff states that he "expressly limits the total amount sought for every single offense to $34,999 or less." *Compl.* ¶ 64. Defendant points out that this limitation was not carried through to the Prayer for Relief, which broadly seeks "[a]n award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code." *Id.*, Prayer for Relief, ¶ C. The Court does not see a problem here—read together, the Court understands the complaint as asking for at least $4,000 and at most $34,999 in statutory damages. Therefore, the Court credits Plaintiff's limitation of $34,999 in statutory damages.

### ii. Injunctive Relief

Plaintiff states in his complaint that he seeks to limit the cost of injunctive relief to $15,000 or less. *Compl.* ¶ 63. Defendant first takes issue with the fact that Plaintiff did not carry that limitation to the Prayer for Relief. *Opp.* 11:3–5. The Court does not find this argument persuasive. In his Prayer for Relief, Plaintiff asks for (1) "[a] preliminary and permanent injunction enjoining Defendants from further violations of the UCRA, Civil Code §§ 51, *et seq.*, with respect to their Website, http://www.brooksbrothers.com/, and all of the webpages and urls contained therein;" and (2) "[a] preliminary and permanent injunction requiring Defendants to take the steps necessary to make their Website readily and fully accessible to and usable by blind and visually-impaired individuals." *Compl.*, Prayer for Relief, ¶¶ A–B. Defendant contends that, because there is no specific limitation on costs for the first requested injunctive relief, but only on the second one, Plaintiff's cap of $15,000 for the cost of injunctive relief is disingenuous. *See Opp.* 11:3–15. However, the Court reads these two requests for injunctive relief as being one and the same, given that the first form of requested injunctive relief is an automatic by-product of the other. Therefore, the $15,000 limit naturally applies to both requests.

Defendant's reliance on *Rios v. New York & Co., Inc.*, is unavailing. *See* No. CV 17-4676 ODW (AGRx), 2017 WL 3575220 (C.D. Cal. Aug. 17, 2017). In that case, the plaintiff expressly limited the injunctive relief he sought to $50,000 and the amount of money he sought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

to $75,000, but then also stated "that the maximum amount of total recovery shall not exceed $74,999." *Id.* at *2. The court found that the total amount in controversy exceeded the jurisdictional amount because the plaintiff's "conclusory limitation appear[ed] slapdash and contradict[ed] Plaintiff's other statements in his prayer for relief." *Id.* Here, unlike in *Rios*, the Court does not find that Plaintiff's Prayer for Relief is internally inconsistent.

In the alternative, Defendant argues that Plaintiff's limitation of the cost of injunctive relief is misleading, because Defendant anticipates the cost will be much higher. *Opp.* 11:23–27. Defendant also points out that "Plaintiff does not concede that he would accept $15,000 worth of work even if such amount did not render the entire website 'readily and fully accessible.'" *Id.* 6:18–20.

Where a plaintiff seeks injunctive relief, the pecuniary value of the relief is included in the amount in controversy. In the Ninth Circuit, the value of the injunction for purposes of determining the amount in controversy may be assessed from "either viewpoint," that is, the amount that either party can gain or lose from the case. *In re Ford Motor Co./Citibank (So. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

Here, Defendant has submitted a declaration of Erica Twomey, an employee of Defendant who oversees Defendant's website. *See Declaration of Erica Twomey*, Dkt. # 25-1 ("*Twomey Decl.*"). She states that when Defendant engaged a third-party vendor to update its website to make it more user-friendly for visually impaired individuals in 2017, the total price for the vendor's services was more than $150,000. *Id.* ¶ 2. The declaration further states that the scope of work for the 2017 website update "included, but was not limited to, assessing the adherence of the website to [Web Content Accessibility Guidelines] standards, developing a suggested remediation protocol to be implemented by Brooks Brothers, and quarterly maintenance services." *Id.*

However, the Court finds that this declaration is insufficient to show under the preponderance of evidence standard that the value of the injunction is "far greater than $15,000." *See Opp.* 11:23–24. The declaration states only that an unknown portion of the vendor's work was devoted to updating the website to be more user-friendly to visually impaired individuals. *See Twomey Decl.* ¶ 2. The Court cannot estimate, with any reasonable basis, how much of the $150,000 accounted for such work. It may very well be that the actual cost of making the website more accessible to visually impaired individuals accounted for only a small portion of the total amount. And as Plaintiff correctly points out, "[h]ow much Defendant may have spent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

on its Website in the past has no bearing on the cost of remedying specific access barriers that are currently present on its Website." *Mot.* 9:2–4.

Although the Court does not doubt that an overhaul of a global retail website may cost a significant amount, without more substantive evidence of how much it would cost to implement the injunctive relief Plaintiff seeks, the Court has no choice but to credit Plaintiff's limitation of $15,000 for the cost of injunctive relief.

      *iii.*    *Attorneys' Fees*

"Attorneys' fees may be factored into an amount in controversy determination where they are available pursuant to the statute or statutes underlying the plaintiff's claims." *Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608 MWF (MRWx), 2018 WL 2146403, at *10 (C.D. Cal. May 9, 2018) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). Here, Plaintiff seeks attorneys' fees under California Civil Code § 52(a). *Compl.*, Prayer for Relief, ¶ D. However, it is an open question in this circuit as to whether the court may consider attorneys' fees that are anticipated to be incurred over the course of the suit or only those that have been incurred as of the removal date in deciding whether the amount in controversy requirement is satisfied. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). Circuit and district courts have split on the issue. *See Lucas*, 2018 WL 2146403, at *10 (describing the split).

Nonetheless, the Ninth Circuit recently held, albeit in evaluating future wages rather than attorneys' fees, that "the amount in controversy is not limited to damages incurred prior to removal . . . . Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on the complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). Based on this holding, this Court has previously found it appropriate to consider post-removal attorneys' fees in evaluating the amount in controversy. *See Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx), 2018 WL 6382049, at *6 (C.D. Cal. Dec. 6, 2018). Plaintiff has not presented any argument that changes the Court's mind, and therefore the Court continues to adhere to this ruling.

Even considering the attorneys' fees that may be awarded to Plaintiff's counsel through the completion of case, the Court finds that Defendant has not adequately shown under a preponderance of evidence standard that the total amount in controversy exceeds $75,000. After crediting Plaintiff's $34,999 in statutory damages and $15,000 in injunctive relief, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

needs to find it reasonable to assume that Plaintiff is seeking at least $25,001.01 in attorneys' fees to find that more than $75,000 is in controversy. Based on its judicial experience, the Court finds it unlikely that attorneys' fees in a case with similar allegations would amount to over $25,001.

Defendant cites to amounts awarded in attorneys' fees under the Unruh Act in other cases to show that the attorneys' fees in this case, when combined with the statutory damages and injunctive relief, "clearly satisfies the jurisdictional minimum." *Opp.* 13:2–10. However, these comparisons are misleading. In *Mitchell v. Soleyman*, where $198,229 was awarded in attorneys' fees, the case involved multiple plaintiffs—a family—who sued the landlord for housing discrimination based on race, and the total damages amounted to $500,000. *See* 49 Trials Digest 5th 2, 2002 WL 31911041 (C.D. Cal. 2002). In *Montano v. Bonnie Brae Convalescent Hospital Inc.*, where $173,158.90 was awarded in attorneys' fees, the plaintiff had asserted claims under six different federal and state statutes as well as four common-law claims. *See* No. CV 12-3462 FMO (AGRx), 2015 WL 12698407, at *1 (C.D. Cal. Sept. 14, 2015). As these cases are based on different facts and circumstances, they are not relevant when determining how much attorneys' fees is in controversy in this case.

### iv.  *Pre-Judgment Interest*

Defendant contends that the pre-judgment interest that Plaintiff seeks should also be included in the amount-in-controversy calculation. This is contrary to law. When determining diversity jurisdiction, the amount in controversy is determined *exclusive* of interest and costs. 28 U.S.C. 1332(a). Therefore, the pre-judgment interest has no effect on the calculations here.

### v.  *Conclusion*

The Court concludes that Defendant has failed to show, under a preponderance of evidence standard, that the amount in controversy exceeds $75,000. Therefore, removal of this case to federal court was improper. Accordingly, the Court **REMANDS** the case to the Los Angeles Superior Court (Case No. BC 717730).

### B.  Sanctions

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9208 PSG (JPRx) | Date | January 22, 2019 |
|---|---|---|---|
| Title | Andrew Baracco v. Brooks Brothers Group, Inc., et al. | | |

awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although the Court has ultimately held that Defendant's removal lacks merit, the Court does not find that removal was objectively unreasonable. Given its own perception of how much it would cost to update its website to comply with a potential injunctive order, it was reasonable for Defendant to believe that it could show that the amount in controversy exceeded $75,000. Further, because courts are split on whether attorneys' fees post-removal could be included in the amount in controversy, it was reasonable for Defendant to believe that adding the attorneys' fees could tip the amount in controversy over the jurisdictional amount. Consequently, Plaintiff's request for an award of his attorneys' fees is **DENIED**.

IV. Conclusion

For the reasons stated above, Plaintiff's motion to remand is **GRANTED**. The case is **REMANDED** to the Los Angeles Superior Court (Case No. BC 717730). Plaintiff's request for attorney's fees incurred due to the removal is **DENIED**.

This order closes the case.

**IT IS SO ORDERED.**